UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――

KURTIS RALEIGH,

                               *Plaintiff*,          **ANSWER**

           -against-                             **Jury Trial Demanded**

CO MICHAEL T. MACK, CO                                  24-CV-0953
MATTHEW H. ORCHARD, CO DAVID
M. HUNTER, SGT. R. ZEHR, CO J.                                   AMN/MJK
DENNIS, CO M. THOMAS, and CO
JOHN DOES #1-5,

                                       *Defendants*.

―――――――――――――――――――――――――――

        Defendants Michael Mack, Matthew Orchard, David Hunter, Ryan Zehr, and Zachary Thomas, by their attorney New York State Attorney General Letitia James, Alexandra Galus, Assistant Attorney General, of counsel, answer the complaint as follows:

        1.       Deny each and every allegation in the Amended Complaint that alleges or tends to allege that Defendants acted in any way contrary to constitutional, statutory, regulatory, or common law.

        2.       The sections of the Amended Complaint titled "Nature of the Case" and "Jurisdiction" are introductory in nature and as such, no response is required. To the extent that a response is required, deny that Defendants violated Plaintiff's rights in any way and refer the court to the cited statues for the best evidence of their contents.

        3.       Admit allegations in paragraph 4 of the Amended Complaint.

1

4.  Paragraph 5 of the Amended Complaint is Plaintiff's demand for a jury trial and as such no response is required. To the extent a response is required, deny that Defendants violated Plaintiff's rights in any way.

5.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Amended Complaint.

6.  Admit the allegations in paragraphs 7, 8, 9, 10, and 12 of the Amended Complaint to the extent that Defendants Mack, Orchard, Hunter, Zehr, and Thomas were employed at Auburn Correctional Facility at the relevant time.

7.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Amended Complaint.[1]

8.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Amended Complaint. Upon information and belief, the Doe defendants have not been named in this suit, and thus are not parties.

9.  Deny knowledge or information sufficient to form a belief as to the truth of the matter with respect to Plaintiff's location on August 11, 2021, as alleged in paragraph 14 of the Amended Complaint; otherwise, deny the remaining allegations.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Amended Complaint.

11. Deny allegations contained in paragraphs 16, and 17.

12. Deny knowledge or information sufficient to form a belief as to the truth of the matter of the allegations that Plaintiff was transported to "SHU," and otherwise deny that Plaintiff

---

[1] At this time, defense counsel does not represent named Defendant Correction Officer J. Dennis.

was assaulted by Defendants and all other allegations contained in paragraph 18 of the Amended Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the matter of the allegations that Plaintiff was taken to Upstate Medical Center, and otherwise deny that Plaintiff was assaulted by Defendants and all other allegations contained in paragraph 19 of the Amended Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the matter of the allegations concerning Plaintiff's alleged symptoms contained in paragraph 20 of the Amended Complaint but deny the allegations to the extent that Plaintiff alleges wrongdoing on behalf of the Defendants.

15. Deny knowledge or information sufficient to form a belief as to the truth of the matter of the allegations concerning Plaintiff's transfer and physical therpay contained in paragraph 21 of the Amended Complaint but deny the allegations to the extent that Plaintiff alleges wrongdoing on behalf of the Defendants.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 22 and 23 of the Amended Complaint.

17. Deny allegations contained in paragraphs 24 and 25 of the Amended Complaint.

18. Deny allegations in paragraph 26 of the Amended Complaint to the extent they are inconsistent with the cited statute and refer the Court to the cited statute for the best evidence of its contents.

19. Defendants repeat, reiterate, and reallege all responses as outlined above in response to paragraph 27 of the Amended Complaint.

20. Admit the allegations in paragraph 28 to the extent that Plaintiff was involved in a documented use of force on August 11, 2021, but deny the allegations to the extent that Plaintiff alleges wrongdoing on behalf of the Defendants.

21. Deny and refer the Court to paragraphs 29 and 30 of the Amended Complaint as best evidence of the facts alleged by Plaintiff.

22. Deny paragraph 31 of the Amended Complaint and refer the Court to the cited amendment for the best evidence of its contents.

23. Defendants repeat, reiterate, and reallege all responses as outlined above in response to paragraph 34 of the Amended Complaint.

24. Deny allegations contained in paragraphs 35, 36, 37, 38, and 39 of the Amended Complaint.

25. Deny that Plaintiff is entitled to the relief sought in subparagraphs a. through e. on page 6-7 of the Amended Complaint.

26. Deny any allegations of the Amended Complaint not specifically responded to above.

## **DEFENSES**

27. The Amended Complaint fails to state a claim upon which relief can be granted.

28. At all relevant times Defendants acted under the reasonable belief that their conduct was in accordance with clearly established law. They are, therefore, protected under the doctrine of qualified immunity.

29. To the extent applicable, the Amended Complaint is barred, at least in part, under principles of res judicata and collateral estoppel.

30. To the extent applicable, the Amended Complaint is barred by the applicable statute of limitations.

31. The Amended Complaint is barred, in whole or in part, under the Eleventh Amendment.

32. Defendants were not personally involved in the alleged constitutional or statutory violations, and they are therefore not liable under 42 U.S.C. § 1983. The doctrine of *respondeat superior* does not apply in civil rights cases, and the Amended Complaint should therefore be dismissed.

33. Plaintiff did not properly exhaust his administrative remedies prior to commencing this action and therefore this action is subject to dismissal under the Prison Litigation Reform Act of 1995.

34. To the extent this action is brought for mental or emotional injury, Plaintiff is barred by the Prison Litigation Reform Act of 1995 from seeking compensatory damages without prior showing a physical injury or the commission of a sexual act.

35. To the extent plaintiff has, on three more occasions, brought an action or appeal that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, he is barred from proceeding under section 1915.

36. Upon information and belief, plaintiff has been convicted of one or more felonies or other crimes for which there are or may be restitution orders pending. Pursuant to section 807 of the Prison Litigation Reform Act of 1995, any compensatory damages to be awarded Plaintiff herein shall be paid directly to satisfy any such outstanding orders until paid in full. Therefore, Plaintiff is or may not be entitled to any payments herein.

37. Upon information and belief, Plaintiff has been convicted of one or more felonies or other crimes. Pursuant to section 808 of the Prison Reform Act of 1995, prior to payment of any compensatory damages to Plaintiff, reasonable efforts shall be made to notify the victims of the crime for which Plaintiff was convicted and incarcerated. Upon information and belief, Plaintiff must be compelled to cooperate in the notification of his victims prior to payment of any judgement herein, or he should be barred from recovery.

38. Defendants hereby demand a trial by jury.

**WHEREFORE**, Defendants Michael Mack, Matthew Orchard, David Hunter, Ryan Zehr, and Zachary Thomas, respectfully ask that this Court deny the relief requested, dismiss the Amended Complaint, and grant such other relief as to the Court shall deem is just and equitable.

Dated: Albany, New York
December 2, 2024

LETITIA JAMES
New York State Attorney General
Attorney for Defendants
The Capitol
Albany, New York  12224

By: _____
Alexandra L. Galus
Assistant Attorney General, of Counsel
Bar Roll No. 705275
Telephone: (518) 776-2463
Email: alexandra.galus@ag.ny.gov

TO: All Counsel of Record
Via: CM/ECF