CIVIL CASE MANAGEMENT PLAN

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

Kurtis Raleigh

vs                                              Case No.      9:24-cv-953 (AMN/MJK)

Mack et al

**IT IS HEREBY ORDERED** that, pursuant to Rule16(b), Federal Rules of Civil Procedure, a status and scheduling conference will be held in this case before the Honorable MITCHELL J. KATZ, United States Magistrate Judge, on November 6, 2024, at 9:30 am . The Courtroom Deputy for Judge Katz will provide counsel for the parties, and any unrepresented parties, with instructions on how to dial into his audio conference line for the Rule 16 conference.

Counsel for all parties or individuals appearing pro se in the above-captioned action are directed to confer in accordance with Fed. R. Civ. P. 26(f) with respect to all of the agenda items listed below, no later than **twenty-one (21)** days before the scheduled Rule 16 Conference. Following that Rule 26(f) meeting, a report of the results of the conference, in the format set forth below, must be filed with the clerk no later than **seven (7) days** prior to the scheduled Rule 16 conference with the Court. Matters which the Court will discuss at the status conference will include the following: (insert a separate subparagraph as necessary if parties disagree):

1. **JOINDER OF PARTIES**: Any application to join any person as a party to this action shall be made on or before 02/28/2025 .

2. **AMENDMENT OF PLEADINGS**: Any application to amend the pleadings to this action shall be made on or before 02/28/2025 .

3. **DISCOVERY**: All discovery in this action shall be completed on or before 10/30/2025 . **(Discovery timetable is to be based on the complexity of the action)**

4. **MOTIONS:** All motions, including discovery motions, shall be made on or before 12/15/2025 . **(Non-Dispositive motions including discovery motions may only be brought after the parties have complied with Section IX of General Order #25)**

5. **EXPERT WITNESS DISCLOSURE**: Plaintiff's Expert Witness disclosure shall be exchanged on or before  08/01/2025  (at least 90 days before the close of discovery). Defendant's Expert Witness disclosure shall be exchanged on or before  09/15/2025  (at least 45 days before the close of discovery). Rebuttal Expert Witness Disclosure shall be exchanged on or before  09/30/2025  (at least 30 days before the close of discovery).

6. **MANDATORY MEDIATION**: A stipulation selecting mediator must be filed on or before _____. Mediation must be completed on or before _____.

7. **PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL**: The action will be ready to proceed to trial on or before  01/09/2026 . It is anticipated that the trial will take approximately  4-5  days to complete. The parties request that the trial be held in  Albany , N.Y. **(The proposed date for the commencement of trial must be within 18 months of the filing date).**

8. **Have the parties filed a Jury Demand?**  X  (YES) _____ (NO).

9. **What is the basis of the Court's subject matter jurisdiction? If it is diversity jurisdiction under 18 USC § 1332(a), does the complaint allege the citizenship of each party, including the citizenship of all members of any LLC or partnership? See 250 Lake Avenue Associates, LLC v. Erie Insurance Co., 281 F. Supp 3d 335, 341 (W.D.N.Y. 2017) ("[A]n LLC has the citizenship of each of its members for diversity jurisdiction purposes.")**
Federal question (42 U.S.C. Section 1331)

10. **Are the parties subject to the Court's jurisdiction? Have all parties been served?**
Yes; all named parties have been served - John Doe Defendants will be served once they have been identified.

11. **What are the factual and legal bases for Plaintiff's claims and Defendant's defenses (including counterclaims and crossclaims, if applicable)?**
Plaintiff alleges that while he was incarcerated on August 11, 2021, Defendants Mack, Orchard, and Hunter violated his Eighth Amendment rights by subjecting him to excessive force and all of the Defendants failed to intervene to prevent the use of force.  Defendants contend any force used was not excessive and DOCCS employees were following protocol at all times during the interaction.

12. **What factual and legal issues are genuinely in dispute?**
    All factual and legal issues are in dispute at this time.

13. **Can the issues in litigation be narrowed by agreement or by motions? Are there dispositive or partially dispositive issues appropriate for decision on motion?**
    At present, the parties do not believe that there are any issues in this case that can be narrowed by agreement/ stipulation. The parties anticipate that the claims/defenses in this case will be narrowed for trial as a result of any motions for summary judgment that are filed after the close of discovery.

14. **What specific relief do the parties seek? What are the damages sought?**
    Plaintiff seeks compensatory damages, punitive damages, attorneys' fees, a jury trial, and other such further relief as the Court deems appropriate and equitable.

15. **DISCOVERY PLAN**

    A. **Mandatory Disclosures**
       The parties will exchange the mandatory disclosures required under Rule 26(a)(1) at least **seven (7) days** prior to the date of the Rule 16 conference, unless they have obtained prior approval from the assigned Magistrate Judge to extend that deadline.

    B. **Subjects of Disclosure**
       The parties jointly agree that discovery will be needed to address the following subjects:
       The incident occurred on August 11, 2021 and any other factual issues raised on reasonably related to the facts as alleged in Plaintiff's complaint/Defendants' affirmative defenses.

    C. **Discovery Sequence**
       Describe the parties' understanding regarding the timing of the discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.
       The parties do not anticipate needing to conduct discovery in phases.

Case 0:24-cv-00535-AMN-MJK Document 16 Filed 08/23/24 Page 3 of 6

D. **Written Discovery**

Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, that areas to be covered, and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33.

The parties intend to use any/all of the written discovery mechanisms available to them under the federal rules.

The parties will seek discovery on the issues/facts raised in the complaint and related to Defendants' affirmative defenses.

The parties do not anticipate there being any need for either party to exceed the number of interrogatories under Rule 33.

E. **Depositions**

Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.

Plaintiff anticipates taking Defendants' depositions. Defendants anticipate taking Plaintiff's deposition.

Plaintiff anticipates that he may take non-party fact depositions.

F. **Experts**

Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e., initial expert disclosure at least ninety days, responsive expert disclosures at least forty-five days, and rebuttal reports due at least thirty days, before the close of discovery).

The parties have not yet made a determination as to the retention of expert(s) but agree to abide by the Uniform Pretrial Scheduling Order.

G. **Electronic Discovery**

Set forth the parties' understanding and expectations regarding discovery of electronically stored information. This description should include any agreements reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested. The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work product protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue. If an agreement has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order.

The parties do not anticipate any issues as to the production of electronic discovery.

H. **Protective Orders**
If the parties anticipate requesting a protective order from the court pursuant to Rule 26(c), describe the basis for the request and nature of the proposed protective order.
To the extent that Plaintiff seeks personnel and discipline files of any New York State Department of Corrections and Community Supervision employees, and/or any other confidential office of special investigation files, Defendants request that if such records are ordered disclosed, such records remain private and confidential and a protective order be issued. Defendants also anticipates requesting a protective order in the event any discovery demands request information otherwise statutorily protected.

I. **Anticipated Issues Requiring Court Intervention**
Provide a brief description of any discovery related issues which, the parties reasonably anticipate, may require court intervention.
None.

16. **Is it possible to reduce the length of trial by stipulations, use of summaries or statements, or other expedited means or presenting evidence? Is it feasible and desirable to bifurcate issues for trial?**
It may be possible, however, the parties will need to conduct discovery and litigate dispositive motions first.

17. **Are there any related cases pending before the Judges of this Court?**
No.

18. **In Class Actions, when and how will the class be certified?**
N/A.

19. **What are the prospects for settlement? Please check below the prospect for settlement:**

1 ___ 2 ___ 3 X 4 ___ 5 ___ 6 ___ 7 ___ 8 ___ 9 ___ 10 ___
(Very unlikely → → → → → → Likely)

A. Settlement cannot be evaluated prior to ___the end of discovery___ (Date).

B. How can settlement efforts be assisted?
The parties will keep the Court apprised if and when the Court may assist in settlement efforts.

*(Do not indicate any monetary amounts at this time, settlement will be explored by the Magistrate Judge at the time of the initial status conference)*

**Complete Question 19 only if your filing order Cover Sheet was checked as an ADR Track case – *Subject to Mandatory Mediation under General Order #47.***

20. **If your case was selected as a qualifying mandatory mediation case, confirm that you have:**

   A. Reviewed General Order #47                                  Yes  X   No ___

   B. Reviewed the List of Court Approved Mediators available on the NDNY website?   Yes ___   No ___

   C. Prepared to discuss with the Court, at the conference, whether your case should be opted out of the program?   Yes  X   No ___

   D. Discussed the time frame needed to complete Mandatory Mediation?   Yes ___   No ___

Pursuant to Fed. R. Civ. P. 25(f), a meeting was held on  12/30/2024
and was attended by:                                        (Date)

Sara Wolkensdorfer_____    for plaintiff(s)

Alexandra Galus_____    for defendant(s)  All Defendants

_____    for defendant(s)  _____

At the Rule 16(b) conference, the Court will issue an order directing the future proceedings in this action. The parties are advised that failure to comply with this order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f).

*Please detach this case management plan form and file electronically with the clerk no later than seven (7) days in advance of the conference date.*