

U.S. DISTRICT COURT – N.D. OF N.Y.

**FILED**

**Jul 10 - 2025**

John M. Domurad, Clerk

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

**KURTIS RALEIGH**,

Plaintiff,

-against-

**CO MICHAEL T. MACK, CO MATTHEW H. ORCHARD, CO DAVID M. HUNTER, SGT. R. ZEHR, CO J. DENNIS, CO M. THOMAS, and CO JOHN DOES #1-5,**

Defendants.

Case No.: 9:24-CV-00953

**SECOND AMENDED COMPLAINT**

Plaintiff KURTIS RALEIGH, by his attorneys, Rickner PLLC, complaining of the Defendants, alleges, upon information and belief and personal knowledge:

**NATURE OF THE CASE**

1. Plaintiff KURTIS RALEIGH ("Plaintiff" or "Mr. Raleigh") brings this action for compensatory and punitive damages pursuant to 42 U.S.C. § 1983 for violations of his federal and state constitutional rights while in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Auburn Correctional Facility.

**JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. § 1983 for violations of Plaintiff's rights under the Eighth Amendment to the Constitution of the United States, Article 1 of the Constitution of the State of New York, and the common laws of the State and New York.

3. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

## VENUE

4.      Venue is properly laid in the District Court for the Northern District of New York, because the Plaintiff's claims arose in Cayuga County.

## JURY DEMAND

5.      Plaintiff hereby demands a trial by jury.

## PARTIES

6.      Plaintiff was at all times relevant to this action a resident of Cayuga County and is currently a resident of Washington County in the State of New York.

7.      Correction Officer ("CO") Michael T. Mack (hereinafter "Defendant Mack") was at all relevant times described herein an employee at Auburn Correctional Facility, employed by DOCCS. At all relevant times described herein he was acting under color of New York state law and acting in the course and scope of the duties attendant to that employment. He is sued in an individual capacity.

8.      CO Matthew H. Orchard (hereinafter "Defendant Orchard") was at all relevant times described herein an employee at Auburn Correctional Facility, employed by DOCCS. At all relevant times described herein he was acting under color of New York state law and acting in the course and scope of the duties attendant to that employment. He is sued in an individual capacity.

9.      CO David M. Hunter (hereinafter "Defendant Hunter") was at all relevant times described herein an employee at Auburn Correctional Facility, employed by DOCCS. At all relevant times described herein he was acting under color of New York state law and acting in the course and scope of the duties attendant to that employment. He is sued in an individual capacity.

10.     Sgt. R. Zehr (hereinafter "Defendant Zehr") was at all relevant times described herein an employee at Auburn Correctional Facility, employed by DOCCS. At all relevant times

described herein he was acting under color of New York state law and acting in the course and scope of the duties attendant to that employment. He is sued in an individual capacity.

11.     CO J. Dennis (hereinafter "Defendant Dennis") was at all relevant times described herein an employee at Auburn Correctional Facility, employed by DOCCS. At all relevant times described herein he was acting under color of New York state law and acting in the course and scope of the duties attendant to that employment. He is sued in an individual capacity.

12.     CO M. Thomas (hereinafter "Defendant Thomas") was at all relevant times described herein an employee at Auburn Correctional Facility, employed by DOCCS. At all relevant times described herein he was acting under color of New York state law and acting in the course and scope of the duties attendant to that employment. He is sued in an individual capacity.

13.     Correction Officer John Does #1-5 (hereinafter "Defendant Does") were at all relevant times described herein employees at Auburn Correctional Facility, employed by DOCCS. The Defendant Does were involved in and/or observed the August 11, 2021 assault. At all relevant times described herein, the Defendant Does were acting under color of New York state law and acting in the course and scope of the duties attendant to their employment. Each Defendant Doe is sued in an individual capacity. The true names of the Defendant Does are not currently known to Plaintiff. However, each is an employee or agent of DOCCS.

## THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

14.     On August 11, 2021, at approximately 2:00 p.m., in 14 cell, 3 company in D Block of Auburn Correctional Facility, 135 State Street, Auburn, NY 13024, Plaintiff was brutally attacked, assaulted, and battered by the Defendants.

15.     The Defendants arrived at Plaintiff's cell, opened the door, and Defendant Mack asked to "see your hands."  Plaintiff complied with the request and raised his hands. At this point,

the Defendants rushed him and started punching and kicking him. While Plaintiff was being assaulted, some of the Defendants told him to "stop resisting." He was eventually handcuffed and brought down onto the bed frame.

16.     One of the Defendants kneed Plaintiff multiple times in the face.

17.     Plaintiff was removed from his cell and while standing in the corridor, hit several times in the face and on the sides of the head by several of the Defendants.

18.     Plaintiff was then escorted to the Solitary Housing Unit ("SHU") by Defendants Zehr, Thomas, and Dennis, where he was examined by a nurse. The nurse stated that he needed to be brought to medical for further treatment.  He remained in medical overnight for observation.

19.     The following day, Plaintiff was brought to Auburn Community Hospital and later to Upstate Medical Center to treat his nose, which was fractured during the assault.

20.     Plaintiff also suffered from double vision and migraines/headaches for several weeks after the incident.

21.     Four months after the assault, Plaintiff was transferred to Attica Correctional Facility, where he began physical therapy for his back, which was also injured during the assault. Plaintiff was in physical therapy for approximately six months.

22.     Plaintiff was also falsely ticketed for the incident and was found guilty at a Tier III Hearing and given 60 days in SHU.

**THE INJURIES TO PLAINTIFF**

23.     This action seeks damages on behalf of Plaintiff for the extraordinary emotional pain and suffering and injuries to his person, that he was forced to endure as a consequence of the Defendants' decidedly wrongful actions.

24. The Defendants' actions were wanton, reckless, and malicious, as well as in blatant disregard of Plaintiff's civil rights, and as such the Defendants are liable for punitive damages.

25. All of the causes of action pleaded herein fall within one or more of the exceptions set forth in New York's Civil Practice Law & Rules 1602 with respect to joint and several liability.

**FIRST CLAIM FOR RELIEF:**
**EXCESSIVE FORCE UNDER 42 U.S.C. § 1983**
**AGAINST DEFENDANTS**

26. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

27. The Defendants used physical force against Plaintiff.

28. Plaintiff's beating and assault at the hands of the Defendants was made in the absence of probable cause. The unwanted physical contact was therefore unlawful and unconstitutional.

29. Even assuming arguendo that Plaintiff's arrest was lawful, the above-named Defendants engaged in the use of force that was excessive, malicious, gratuitous, and with the intention of inflicting physical and emotional harm to Plaintiff.

30. That by virtue of the aforementioned acts by the Defendants, Plaintiff was deprived civil rights guaranteed under the Eighth Amendment to the United States Constitution to be free from unreasonable or unlawful searches and seizures, and the Defendants therefore are liable to Plaintiff for damages under 42 U.S.C. § 1983.

31. As a result of the above unconstitutional conduct, Plaintiff was caused to suffer physical and emotional injuries.

32. As a result of the above unconstitutional conduct, the Defendants are liable for punitive damages.

**SECOND CLAIM FOR RELIEF:**
**FAILURE TO INTERVENE UNDER 42 U.S.C. § 1983**
**AGAINST THE DEFENDANTS**

33.    Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

34.    Defendants failed to intervene to prevent, end or report the unlawful and unconstitutional conduct to which Plaintiff was subjected despite the fact that they had opportunities to do so.

35.    Defendants thereby displayed deliberate indifference to Plaintiff's rights, including Plaintiffs right to be free from excessive force.

36.    As a result of the above unconstitutional conduct, Plaintiff was caused to suffer physical and emotional injuries.

37.    That by virtue of the aforementioned acts by Defendants, Plaintiff was deprived of civil rights guaranteed under the Constitution of the United States, and the Individual Defendants therefore are liable to Plaintiff for damages under 42 USC § 1983.

38.    As a result of the above unconstitutional conduct, Defendants are also liable for punitive damages.

**WHEREFORE**, Plaintiff demands the following relief jointly and severally against all of the Defendants:

a.    Compensatory damages;

b.    Punitive damages;

c.    The convening and empaneling of a jury to consider the merits of the claims herein;

d. Costs and interest and attorney's fees;

e. Such other and further relief as this court may deem appropriate and equitable.

Dated: New York, New York
      June 30, 2025

Rickner PLLC

By:

Sara Wolkensdorfer

14 Wall Street, Suite 1603
New York, New York 10005
Phone: (212) 300-6506
Fax: (888) 390-5401
*Attorney for Plaintiff*